# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6905 | **DATE** | 7/23/2004 |
| **CASE TITLE** | C. Pelfresne vs. Village of Lindenhurst, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The courts grants in part and denies in part Zale Defendants' motion to dismiss (Doc. No. 5-1) and Village Defendants' motion to dismiss (Doc. No. 8-1). Plaintiff will have leave within 21 days to file an amended complaint. As Plaintiff has not identified the members of the Defendant LLCs, or their citizenship, his allegations are insufficient to establish diversity jurisdiction. *See Cosgrove v. Bartolotta*, 150 F.3d, 729, 731 (7th Cir. 1998). Accordingly, unless the amended complaint sets forth an adequate federal law claim, the court expects it will dismiss the case without prejudice for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | 4 number of notices | **Document Number** |
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | JUL 2 6 2004 docketing deputy initials | 27 |
| | Mail AO 450 form. | | | 7/23/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | | | |
| ETV courtroom deputy's initials | | | | ETV mailing deputy initials | |

CLERK, U.S. DISTRICT COURT

2004 JUL 23 PM 4: 01

Date/time received in central Clerk's Office

C. PELFRESNE, Trustee under Illinois )
Land Trust No. 25, dated May 29, 1998, )
)
Plaintiff, )
)
v. )   No. 03 C 6905
)
VILLAGE OF LINDENHURST, an Illinois )   Judge Rebecca R. Pallmeyer
municipal corporation; ZALE EQUITIES, )
INC., an Illinois corporation; ZALE )
EQUITIES, LLC, an Illinois limited liability )
company; ZALE GROUP, INC., an Illinois )
corporation; NATURE'S RIDGE- )
LINDENHURST, LLC, an Illinois limited )
liability company; LaSALLE BANK )
NATIONAL ASSOCIATION, a national )
banking association, as trustee under )
Trust No. 11844; LEON JOFFE, an )
individual; PAUL BAUMUNK, an individual; )
KEN CZYZEWICZ, an individual; MARK )
FEDERMAN, an individual; MARY )
McCARTHY, an individual; FRED )
MESSMER, an individual; CARL NORLIN, )
an individual; BARBARA STOUT, an )
individual; PAT DUNHAM, an individual; )
CAROL ZERBA, an individual; and )
JAMES B. STEVENS, an individual, )
)
Defendants. )

DOCKETED

JUL 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff C. Pelfresne is a Michigan-based real estate developer who owns a parcel of land

in the Village of Lindenhurst. Pelfresne filed this action in September 2003, alleging that he

suffered loss to the value of his property as a result of the Village's action, at the behest of other

local property owners, removing a road that had been situated along the edge of Plaintiff's property.

Plaintiff seeks declaratory and injunctive relief and compensation for the loss of his property value.

He alleges claims of restraint of trade, trespass, private nuisance, and civil conspiracy against

Defendants, including real estate developers Nature's Ridge-Lindenhurst, LLC, Zale Equities, Inc.,

Zale Equities, LLC, Zale Group, Inc., and Leon Joffe ("Joffe") (collectively, "Zale Defendants");

Village of Lindenhurst (the "Village"), Village Trustees Ken Czyzewicz, Mark Federman, Mary

McCarthy, Fred Messmer, Carl Norlin, Barbara Stout, Pat Dunham, and Carol Zerba, Village

President Paul Baumunk ("Baumunk"), and Village Administrator James Stevens ("Stevens")

(collectively, "Village Defendants"). Zale Defendants and Village Defendants filed separate motions

to dismiss the complaint. For the reasons set forth below, Defendants' motions are granted in part

and denied in part.

## FACTUAL BACKGROUND

According to the Complaint, Plaintiff C. Pelfresne,[1] who owns, markets, and develops real

estate, is owner of a Trust holding approximately 100 acres of land located on what was formerly

the northeast corner of Savage Road and Grass Lake Road in unincorporated Lake County, Illinois

(the "Trust"). (Compl. ¶ 1.) Prior to its removal, Savage Road ran east-west and intersected Grass

Lake Road, which runs northwest-southeast, at approximately a 45-degree angle. (Ex. A to

Compl.)

At some point prior to April 19, 2000, either the Zale Defendants or Defendant LaSalle Bank

National Association ("LaSalle"), a national banking association with its principal place of business

in Chicago, purchased or contracted to purchase approximately 80 acres of land then located at

the southeast corner of Savage Road and Grass Lake Road in unincorporated Lake County,

Illinois. (Id. ¶¶ 8, 15.) On an unspecified date, LaSalle became owner in fee simple title of that

property, "with one or more of the . . . Zale Defendants owning the beneficial interest." (Id.)

LaSalle and Zale Defendants intended to develop the property as a single-family development to

be known as "Nature's Ridge" and an adjacent 3.45-acre commercial development in the northeast

---

[1]     The record does not indicate Mr. Pelfresne's first name, and the court is uncertain of his relationship, if any, to the plaintiffs in *Pelfresne v. Village of Williams Bay*, 965 F.2d 538 (7th Cir. 1992) and *Pelfresne v. Village of Rosemont*, 22 F.Supp.2d 756, 763 (N.D.Ill.1998).

corner of the property (collectively, "Nature's Ridge"). (*Id.* ¶ 17.) To that end, prior to April 19, 2000, "[o]ne or more of [LaSalle or the] Zale Defendants had filed petitions and other documents with the Village . . . seeking to annex the Nature's Ridge property under the terms of a proposed annexation agreement that would require the Village . . . to re-zone the Nature's Ridge property to PUD-1 [Planned Unit Development-1] Residential," with the northeast corner to be re-zoned as "NB Neighborhood Business." (*Id.* ¶¶ 16, 18.) Their proposed development plan also called for removing the portion of Savage Road from its 45-degree intersection with Grass Lake Road to a point at least 1,000 feet east of that intersection, and replacing it with a section of road that curved south to form a 90-degree T-shaped intersection with Grass Lake Road. (*Id.* ¶ 19, 23; Ex. A to Compl.) The removed section of Savage Road included Plaintiff's entire 650-foot frontage onto Savage Road. (Compl. ¶¶ 22-23.) At an April 19, 2000 Village Plan Commission hearing regarding the proposed development plan, an attorney for the Trust objected to the proposed plan. (*Id.* ¶ 19.) Nevertheless, on an unspecified date after April 19, the Village and the Village Trustees approved the development plan, annexed Nature's Ridge, re-zoned the property as LaSalle and Zale Defendants requested, and approved a preliminary PUD authorizing the removal and relocation of the portion of Savage Road described above. (*Id.* ¶ 21.)

Plaintiff claims that his attorney has repeatedly requested copies of documents relating to the annexation of the Nature's Ridge property, re-zoning the property, and removal and relocation of Savage Road, but that the Village and Village Administrator Stevens "refused prior to September 2003 to supply copies of these documents," and even then provided only a copy of the June 12, 2000 Annexation Agreement (no copy of which is part of the record). (*Id.* ¶ 24.) In late 2002, "one or more of [LaSalle or] Zale Defendants" removed and relocated the 1000-foot portion of Savage Road as described above, including all frontage of Plaintiff's property along the road pursuant to an agreement among the LaSalle, Zale Defendants, the Village, Stevens, and Baumunk. (*Id.* ¶ 25.) As a result, Plaintiff no longer has access to Savage Road. (*Id.*) Plaintiff alleges this removal and

relocation was undertaken pursuant to an agreement among, and "with the full knowledge, consent, and participation of," LaSalle, Zale Defendants, the Village, Stevens, and Baumunk. (*Id.* ¶ 26.) Village Defendants concede that the June 12, 2000 Annexation Agreement constitutes such an agreement. (Memorandum of Village of Lindenhurst Defendants in Support of their Motion to Dismiss Complaint (hereinafter "Village Defs.' Mem."), at 3.) According to the Complaint, by removing and relocating a portion of Savage Road, LaSalle and Zale Defendants intended to "drive down the value of plaintiff's property in the hope that they can some day purchase the property for less and in retaliation for plaintiff's refusal to sell to these defendants." (Compl. ¶ 27.) The court notes that Plaintiff's Complaint does not detail any previous attempts by the LaSalle and Zale Defendants to purchase his property.

Plaintiff filed the Complaint in this case on September 30, 2003. In Count I of his Complaint, brought against all Defendants, Plaintiff claims that Defendants failed to take any of the steps required by § 11-91-1 of the Illinois Municipal Code, 65 ILCS 5/11-91-1, including public notice, a public hearing, passage of a Village ordinance by three-fourths vote of the Village Board of Trustees,[2] or payment of just compensation to landowners who lost frontage onto Savage Road. (*Id.* ¶ 28.) Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that the Village did not properly vacate Savage Road, that Plaintiff has a right of access to Savage Road in its original location, that Village Defendants improperly consented to the unlawful removal of Savage Road, that Zale Defendants were without authority to remove Savage Road, and that Village Defendants were without authority to vacate Savage Road. (*Id.* ¶ 34.) Plaintiff also seeks a preliminary and permanent injunction under FED. R. CIV. P. 65 requiring those Defendants to restore Savage Road to its previous improved condition and location and prohibiting further development along the

---

[2]     Plaintiff contends the ordinance was not passed by two-thirds of the Village Board, but 65 ILCS 5/11-91-1 provides that an ordinance vacating a street must be passed by at least three-fourths of the trustees holding office.

relocated portion of Savage Road. (Id.) Plaintiff alleges that he "has suffered irreparable injury, in that the real estate which he owns has been deprived of its access to and significant frontage on Savage Road and therefore substantially decreased in value," and that he "has no adequate remedy at law, in that this action involves access to Savage Road and interference with real property rights, which cannot be restored without an order from this court." (Id. ¶¶ 32-33.)

Count II, titled "Inverse Condemnation," is brought only against Village Defendants. Plaintiff claims in this count that by closing the road, Village Defendants damaged his property for public use without just compensation as required by Article I, § 15 of the Illinois Constitution. According to Plaintiff, "the value of his property has substantially depreciated in fair cash market value" in an amount greater than $75,000.00 as a result of the roadway's removal. (Id. ¶¶ 36-37.) Village Defendants "have made no attempt to agree with Pelfresne as to the amount of damages sustained as a result of the removal of Savage Road," and they "have not compensated Pelfresne for . . . damage to his property." (Id. ¶¶ 38-39.) Plaintiff seeks a jury trial to determine the amount of such damage. (Id. ¶ 40.) In Count III, brought only against the Village, Plaintiff asserts that he is entitled under 65 ILCS 5/11-91-1 to be reimbursed for the depreciation in the fair market value of his property, as well as for the deprivation of his access to and frontage on Savage Road. (Id. ¶¶ 42-46.)

Count IV, brought against all Defendants, alleges that property in the Lindenhurst area real estate market "is sold in interstate commerce and developed as residential and commercial property. . . . in interstate commerce using materials purchased and transported in interstate commerce." (Id. ¶¶ 48-49.) According to Plaintiff, Defendants violated § 1 of the Sherman Act, 15 U.S.C. § 1, as they "agreed, combined, and conspired" to annex the Nature's Ridge property and to relocate Savage Road in restraint of trade and commerce in the Lindenhurst area real estate market beginning in early 2000. (Id. ¶ 50.) The purpose of this "agreement and combination" was to favor LaSalle and the Zale Defendants over their competitors in the relevant market, i.e., Plaintiff,

adjoining landowners, and other developers. (*Id.* ¶ 51.) As a result of the "agreement and conspiracy" among Defendants to relocate Savage Road onto LaSalle's property, Plaintiff claims, LaSalle and Zale Defendants have "sole access to a portion of Savage Road that was previously accessible by [P]laintiff and other competitors in the market, thus eliminating competition for the sale and development of real estate in that area. . . . [and] increased prices for purchasers and consumers in the relevant market." (*Id.* ¶ 53.)

In Count V, Plaintiff avers that, for the Zale Defendants' benefit, all Defendants willfully, wantonly, and knowingly entered into an agreement to remove and relocate Savage Road without following the procedures set forth in 65 ILCS 5/11-91-1, *et seq.*, and that each Defendant "committed one or more tortious acts in furtherance of the conspiracy, including but not limited to trespass, private nuisance, and restraint of trade and commerce." (*Id.* ¶¶ 58-61.) Count VI, brought against all Defendants, alleges that Defendants' "improper removal of Savage Road interfered with [Plaintiff's] property right in and use of the access to Savage Road and constitutes an unlawful trespass" that has resulted in a substantial loss in the property's value. (*Id.* ¶¶ 64-67.) In Count VII, brought against all Defendants, Plaintiff claims that Defendants' "improper removal of Savage Road has eliminated [Plaintiff's] right of access to and frontage on Savage Road and has therefore caused an unreasonable interference with the use and enjoyment of [Plaintiff's] property." (*Id.* ¶¶ 69-70.)

Defendants offer several documents that Plaintiff concedes are public records. (Plaintiff's Response in Opposition to the Village of Lindenhurst Defendants' Motion to Dismiss (hereinafter "Pl.'s Resp. to Village Defs.' Motion"), at 2.)[3] These documents reflect the process by which the Village determined that Savage Road should be moved and demonstrate that Plaintiff continues

---

[3] The court may take judicial notice of these public documents without converting a 12(b)(6) motion into a motion for summary judgment. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir.1997) (citations omitted); *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977).

to assess it. First, Zale Defendants offer a March 1998 document titled "Village of Lindenhurst Comprehensive Plan: 2020," prepared by Meehan & Company (hired by Village Administrator Stevens), which states in relevant part that the roadway alignment at the intersection of Savage and Grass Lake jeopardize the efficient and safe movement of local traffic. (Ex. A to The Zale Defendants' Reply in Support of the Zale Defendants' Motion to Dismiss the Plaintiff's Complaint (hereinafter "Zale Defs.' Reply Mem.").) Second, Defendants cite a November 10, 2003 Village ordinance, passed by all six listed Village Trustees,[4] purporting to vacate the removed portion of Savage Road and indicating that on an unspecified date, Lake County required the removal of that intersection as a condition to opening of the new one. (Ex. B to Zale Defs.' Reply Mem., at 2; Ex. 3 to Motion of Village of Lindenhurst Defendants to Dismiss Complaint (hereinafter "Village Defs.' Motion").)

Third, Defendants cite an August 13, 2001 Village Ordinance approving an August 10, 2001 revised Final Plat for the Nature's Ridge Subdivision ("Final Plat"). (Ex. 1 to Village Defs.' Motion.) The Final Plat indicates that the owner of the Nature's Ridge property[5] granted Plaintiff access to the relocated portion of Savage Road:

> Owner hereby grants to [Plaintiff] a limited, non-perpetual, non-exclusive easement . . . for the limited purpose of ingress and egress of farm implement vehicles and supporting vehicles but not any other type of motor vehicles, passenger or truck. This easement to become effective upon the vacation of a portion of Savage Road . . . . This easement shall only be available to [Plaintiff] and [his] farm lessees while the . . . property is zoned for farming and farming activities are actively conducted thereon. This easement shall automatically terminate . . . upon the . . . property changing its farm zoning classification or termination of active farming activities. In no event shall this easement benefit any commercial or residential subdivision on the contiguous property.

---

[4]     The six Village Trustees listed on the ordinance are Ken Czyzewicz, Mark Federman, Mary McCarthy, Fred Messmer, Carl Norlin, and Carol Zerba.

[5]     As noted, Plaintiff alleges that LaSalle owns title to the Nature's Ridge property in fee simple, "with one or more of the . . . Zale Defendants owning the beneficial interest." (Compl. ¶¶ 8, 15.)

7

(Ex. A to Ex. 1 to Village Defs.' Motion; Ex. C to Zale Defs.' Reply Mem.)

Fourth, Village Defendants offer a June 12, 2000 Village Ordinance approving a June 27, 2000 Preliminary Plan/Tentative Plat (which is not attached) submitted by the owner of the Nature's Ridge subdivision, subject to the terms and conditions set forth in (1) the June 12, 2000 Annexation Agreement and (2) a July 20, 2000 memorandum from Meehan & Company. (Ex. 2 to Village Defs.' Motion.) The latter document states according to a planner retained by the Nature's Ridge property owner, "sight distance would be improved at the realigned location of this intersection." (Ex. B to Ex. 2 to Village Defs.' Motion, at 4.)

Finally, Zale Defendants point to another untitled and undated document that, they assert, reflects conveyance to Plaintiff of land that was one-half of the removed portion of Savage Road that adjoined his property. (Ex. D to Zale Defs.' Reply Mem.) This document also indicates that Plaintiff's property adjoins Grass Lake Road but does not indicate the length of that abutment. (*Id.*) Zale Defendants claim this document is a Plat of Vacation that was recorded in the Lake County Recorder's Office on January 8, 2004, and that this land was conveyed pursuant to the Illinois Conveyances Act. (Zale Defs.' Reply Mem., at 3-4.)

As noted, Zale Defendants have moved to dismiss Counts I, IV, V, VI, and VII against them; Village Defendants have moved to dismiss all counts against them.

## DISCUSSION

I.    **Legal Standard**

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court accepts all well-pleaded allegations in a counterclaim as true and draws all reasonable inferences in favor of the plaintiff. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001). The court must accept a pleading's factual allegations because "a motion to dismiss tests the legal sufficiency of a pleading." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001).

Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the [nonmoving party] can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In other words, a complaint will survive a 12(b)(6) motion if it "narrates an intelligible grievance that, if proved, shows a legal entitlement to relief." *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) (citations omitted).

## II.    Standing

Zale Defendants urge the court to dismiss Counts I, IV, V, VI, and VII on the ground that his alleged injury has not yet occurred and, thus, this case is not ripe for adjudication. (Memorandum of Points and Authorities in Support of [Zale] Defendant[s'] Motion to Dismiss the Plaintiff's Complaint (hereinafter "Zale Defs.' Mem."), at 5.) To satisfy Article III standing requirements, a plaintiff must demonstrate an "injury in fact" that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* at 561 (citation and internal quotation marks omitted).

Our Court of Appeals has explained that, "[i]n ruling on a motion to dismiss for want of standing, the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor." *Lee v. Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citation omitted).[6] Plaintiff bears the burden of establishing the required elements of

---

[6]    Standing issues are ordinarily addressed on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, rather than through a 12(b)(6) motion. *See, e.g., Lee*, 330 F.3d at 468. Nevertheless, as the court may dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6), the court will consider whether the pleadings provide a sufficient basis for dismissing the Complaint for lack of standing. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citation omitted).

standing. *Id.* (citations omitted). If a defendant challenges standing as a factual matter, the plaintiff must come forward with "competent proof"–that is, a showing by a preponderance of the evidence–that standing exists. *Id.* (citation omitted). Allegations that a proposed change in a neighborhood will increase crime, decrease property values, and interfere with environmental and aesthetic values are sufficient to confer standing on residents of that neighborhood. *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 243 n.10 (7th Cir. 1986) (citing *Alschuler v. Dep't of HUD*, 686 F.2d 472, 476-77 (7th Cir.1982)); *see also Soc'y Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 176-77, 184 (3d Cir. 2000) (neighborhood residents' allegations that construction of hotel and garage would injure them by increasing traffic, pollution and noise, impair the use and enjoyment of the historic district, and decrease their property values "is as real as it is fervent, and it is sufficient to give the Residents standing . . .").

Zale Defendants insist that Plaintiff has not suffered an injury in fact that is either actual or imminent, (Zale Defs.' Mem., at 5), as "[t]here are no set of facts that can possibly be inferred [from the Complaint] that would support the allegation that Plaintiff's property has decreased in value due to the vacation of Savage Road." (Zale Defs.' Reply Mem., at 4.) As noted, even after the removal and vacation of Savage Road, Plaintiff has access to the relocated portion of Savage Road, although such access is now limited to farm implement vehicles (the court presumes that Plaintiff's access to Savage Road prior to its removal was unrestricted). (Ex. A to Ex. 1 to Village Defs.' Motion; Exs. C-D to Zale Defs.' Reply Mem.) The plats also suggest that Plaintiff continues to have direct access to Grass Lake Road. As Plaintiff owns more land now than before Savage Road was removed, and as he still has access to Savage and Grass Lake Roads, Defendant contends it is inconceivable that his property could have decreased in value. (*Id.* at 5.)[7] In his complaint and in

_____

[7]     Zale Defendants claim that Plaintiff would be injured only if he were to seek to have his property re-zoned for residential or commercial use, annexed to the Village, and obtain "residential or commercial access approval from the appropriate municipal, county, or State of
(continued...)

his own briefs, Plaintiff makes no mention of the additional property granted to him, nor of his continuing access to Savage and Grass Lake Roads.

A claim for relief need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), giving the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002) (citation omitted). A party need not plead either facts or law under Rule 8(a). *Johnson v. Wattenbarger*, 361 F.3d 991, 994 (7th Cir. 2004) (citations omitted). Plaintiff points out that he does allege that the fair market value of his property has "substantially decreased" (Compl. ¶ 32), "substantially depreciated" (*id.* ¶¶ 37, 44), and undergone "substantial diminution," (*id.* ¶ 67). (Plaintiff's Response in Opposition to the Zale Defendants' Motion To Dismiss (hereinafter "Pl.'s Resp. to Zale Defs.' Motion"), at 3.) The Supreme Court has explained that "convincing evidence that the economic value of one's own home has declined as a result of the conduct of another certainly is sufficient under Art. III to allow standing to contest the legality of that conduct." *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 115 (1979).

The court concludes that Plaintiff has standing if he can show that the fair market value of his property has in fact decreased as a result of the removal of Savage Road. As Plaintiff has alleged that his property value has declined, the court declines to dismiss his claim for lack of standing at this time. If during the discovery process Defendants can demonstrate that the fair market value of Plaintiff's property has not decreased, however, the court will entertain motions to dismiss pursuant to Rule 12(b)(1), as well as for sanctions against Plaintiff.

---

[7](...continued)
Illinois highway authorities." (Zale Defs.' Mem., at 6; Zale Defs.' Reply Mem., at 5-6.) Zale Defendants cite no support for these contentions, but claims "these are undisputed facts of common knowledge and should be considered by the court." (*Id.* at 6.) The court is flattered by counsel's confidence, but pleads ignorance of those zoning procedures and declines to take judicial notice of them.

## III.    Count I

In Count I of his Complaint, brought against all Defendants, Plaintiff claims that Defendants failed to take any of the steps required by 65 ILCS 5/11-91-1, including public notice, a public hearing, passage of a Village ordinance by three-fourths vote of the Village Board, or payment of just compensation to landowners who lost frontage onto Savage Road. (*Id.* ¶ 28.) Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that the Village did not properly vacate Savage Road, that Plaintiff has a right of access to Savage Road in its original location, that Village Defendants improperly consented to the unlawful removal of Savage Road, that Zale Defendants were without authority to remove Savage Road, and that Village Defendants were without authority to vacate Savage Road. (*Id.* ¶ 34.) Plaintiff also seeks a preliminary and permanent injunction under FED. R. CIV. P. 65 requiring those Defendants to restore Savage Road to its previous improved condition and location and prohibiting further development along the relocated portion of Savage Road. (*Id.*) The court considers each form of requested relief in turn.

### A.    Declaratory Relief

Zale Defendants assert that Plaintiff is not entitled to declaratory relief as he has not suffered an injury in fact that is actual or imminent. (Zale Defs.' Mem., at 7.) Our Court of Appeals has explained that "[t]he case-or-controversy requirement of Article III applies with equal force to actions for declaratory judgments as it does to actions seeking traditional coercive relief." *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 242 (7th Cir. 1986) (citations omitted). "In order to demonstrate standing for a declaratory judgment, [Plaintiff] must show an 'actual controversy,' 28 U.S.C. § 2[2]01, that is, that []he has sustained, or is in immediate danger of sustaining, a direct injury as the result of the defendants' conduct . . . . The threat of injury must be real and immediate, not conjectural or hypothetical." *Id.* (citations omitted). Plaintiff essentially reiterates his contention that his property value has declined as a result of the removal of Savage

Road. (Pl.'s Resp. to Zale Defs.' Motion, at 6-7.) As discussed above, the court finds Plaintiff's allegation that the fair market value of his property has substantially decreased constitutes a sufficient allegation of an injury in fact to support standing for pleading purposes.

Village Defendants contend that Count I is moot on the ground that the November 10, 2003 Village ordinance satisfied the requirements of 65 ILCS 5/11-91-1 for vacating a road. (Reply Memorandum of Village of Lindenhurst Defendants in Support of their Motion to Dismiss Complaint (hereinafter "Village Defs.' Reply Mem."), at 3.) As noted, Plaintiff claims Defendants failed to meet the requirements of 65 ILCS 5/11-91-1 regarding public notice, a public hearing, passage by three-fourths vote of the Village Board, and payment of just compensation to landowners who lost frontage onto Savage Road. As noted earlier, all six Village Trustees voted in favor of the ordinance, which states on its face that the Village Board of Trustees "held a public hearing with notice" regarding the vacation of the relevant portion of Savage Road. (Ex. 3 to Village Defs.' Motion, at 2, 3.) Nothing in the record demonstrates, however, that Village Defendants attempted to ascertain or compensate landowners for the damage, if any, that resulted from the removal of the road.

As the court finds that Plaintiff has sufficiently alleged a violation of state law and has alleged an injury in fact, the court declines to dismiss Plaintiff's request for declaratory relief.

### B.    Injunctive Relief

Zale Defendants also contend that Plaintiff's claims for a preliminary and permanent injunction should be dismissed on the ground that Plaintiff has failed to adequately allege an irreparable injury or an inadequate remedy at law. (Zale Defs.' Mem., at 8.) Our Court of Appeals has explained that "[o]rdinarily, to succeed on a motion for a preliminary injunction, the party seeking the injunction must make an initial showing (1) that her case has a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) she will suffer irreparable harm if the

injunction is not granted." *Hodgkins v. Peterson*, 355 F.3d 1048, 1055 (7th Cir. 2004). Permanent injunctive relief also requires a showing of irreparable harm and the absence of any legal remedy. *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1081 (7th Cir. 1998) (citations omitted). As noted, Plaintiff alleges in Count I that he "has suffered irreparable injury, in that the real estate which he owns has been deprived of its access to and significant frontage on Savage Road and therefore substantially decreased in value," and that he "has no adequate remedy at law, in that this action involves access to Savage Road and interference with real property rights, which cannot be restored without an order from this court." (Compl. ¶¶ 32-33.) Zale Defendants claim that "[a] decrease in value of land is not an irreparable injury" but is instead "the definition of a reparable injury," although they cite no support for this contention. (Zale Defs.' Mem., at 8.)

To support his claim that he will suffer an irreparable injury which money cannot adequately remedy, Plaintiff cites *Southland Corp. v. Froelich*, 41 F. Supp. 2d 227, 229, 243 (E.D.N.Y. 1999), where the court granted an injunction to plaintiff franchiser, the owner of real property on which defendant had previously operated a franchise, requiring defendant to vacate the premises. The court explained that "[a] real property owner's inability to make productive use of its own property may constitute irreparable harm." *Id.* at 242 (citation omitted). As Defendants argue, *Southland* is distinguishable, as Plaintiff has not alleged that he cannot currently make any productive use of his property.

Plaintiff also cites *Davis v. City of Chicago*, 333 Ill. 422, 424-25, 164 N.E. 673, 674 (1928), in which defendant city planned to eject plaintiff from a portion of his property in order to widen an adjacent roadway. In holding that plaintiff was entitled to an injunction during the pendency of an appeal he had taken from the judgment of the county court, the court explained that an injunction "is a proper remedy of the owner where an unlawful appropriation of his land is attempted for the use of a city which has not acquired the right of such appropriation by condemnation or otherwise."

14

*Id.* at 426, 164 N.E. at 674.  Defendant contends, and the court agrees, that *Davis* is distinguishable, as Plaintiff has not alleged that any of Defendants appropriated his land.

Plaintiff cites no cases, and the court found none, indicating that either a decrease in property value or a real property owner's claim that he will be unable to develop his property at an unspecified future time constitute irreparable injuries which money cannot adequately remedy.  As discussed below, the Illinois Supreme Court has explained that "a property owner has a valuable property right of access to streets adjoining his property which cannot be taken away or materially impaired without just compensation."  *Dep't of Public Works v. Wilson & Co., Inc.*, 62 Ill.2d 131, 139, 340 N.E.2d 12, 16 (1976) (citations omitted).  Illinois courts have determined that the proper measure of damages in such cases is the difference in market value of the remaining property before and after the access rights are taken.  *Dep't of Public Works & Buildings v. Bloomer*, 28 Ill.2d 267, 272-73, 191 N.E.2d 245 (1963); *Village of Round Lake v. Amann*, 311 Ill.App.3d 705, 717, 725 N.E.2d 35, 46 (2d Dist. 2000).

Indeed, as discussed below, Plaintiff himself concedes that he "does not claim a regulatory 'taking,' but merely seeks compensation for 'damage' to his property." (Pl.'s Resp. to Village Defs.' Motion, at 6.)  Plaintiff has not satisfied the court that his alleged injuries cannot be compensated with money damages.  The court therefore grants Zale Defendant's motion with respect to Plaintiff's request for injunctive relief.[8]

## IV.    Count II

As noted, in Count II, which is titled "Inverse Condemnation," Plaintiff claims that by closing the road, Village Defendants damaged his property for public use without just compensation as

---

[8]        As noted, Plaintiff also seeks injunctive relief prohibiting further development along the relocated portion of Savage Road.  (Compl. ¶ 34.)  Plaintiff does not explain why he believes he is entitled to such relief.  As the court finds that Plaintiff cannot state a claim for injunctive relief, the court need not consider Village Defendants' claim that the November 10, 2003 ordinance purporting to vacate the removed portion of Savage Road pursuant to 65 ILCS 5/11-91-1 renders Plaintiff's request for injunctive relief moot.  (Ex. 3 to Village Defs.' Motion.)

required by Article I, § 15 of the Illinois Constitution, which provides, in pertinent part, that "[p]rivate property shall not be taken or damaged for public use without just compensation as provided by law." Plaintiff claims that "the value of his property has substantially depreciated in fair cash market value" in an amount greater than $75,000.00 as a result of the roadway's removal, and that he is entitled to a jury trial to determine the amount of such damage. (Compl. ¶¶ 36-40.) Village Defendants urge that Plaintiff cannot maintain his claim for inverse condemnation, as he does not allege that he has been deprived of all economically viable uses of his property. The Takings Clause of the Illinois Constitution requires that "just compensation" be provided for (1) governmental taking of private property and (2) governmental damage to private property. *Int'l College of Surgeons v. City of Chicago*, 153 F.3d 356, 362-63 (7th Cir. 1998) (citing ILL. CONST. art. I, § 15). Village Defendants note that, under Illinois law, "inverse condemnation describes the manner in which a landowner recovers compensation for a taking of its property when condemnation proceedings have not been instituted." *Byron Dragway, Inc. v. County of Ogle*, 326 Ill.App.3d 70, 73, 759 N.E.2d 595, 599 (2d Dist. 2001) (citation omitted).

Illinois courts recognize two types of governmental taking of private property for public use: (1) "an actual physical invasion by the government onto an individual's property"; and (2) "governmental regulation [that] radically curtails a property owner's rights such that all economically beneficial or productive use of land is denied." *Int'l College of Surgeons*, 153 F.3d at 363 (citations omitted). As Plaintiff does not allege that a governmental actor has physically invaded his land, the court considers whether he has alleged a "radical curtailment" of his rights. Under this approach, "only the most severe governmental regulation amounts to a taking requiring just compensation." *Forest Preserve Dist. v. West Suburban Bank*, 161 Ill.2d 448, 457, 641 N.E.2d 493, 497 (1994). In *Forest Preserve*, the court concluded that a preliminary injunction preventing defendants from building a parking lot "did not radically curtail defendants' right to use the property or deprive defendants of all economically viable use of the property," as defendants "continued to

have the right to farm the property, operate the wash pit, and store equipment on the property." *Id.* Village Defendants note that Plaintiff's property still adjoins Grass Lake Road and that he has an easement "for the limited purpose of ingress and egress of farm implement vehicles and supporting vehicles." (Ex. A to Ex. 1 to Village Defs.' Motion.)

Plaintiff responds by citing *Department of Transportation v. Shaw*, 68 Ill.2d 342, 369 N.E.2d 884 (1977). In *Shaw*, the court held that the property owners were entitled to recover damages for loss of access to a public road, despite the facts that the land also fronted on another public highway which was left open and no physical taking of real property had occurred. *Id.* at 350, 369 N.E.2d at 887 (citations and internal quotation marks omitted). Similarly, Plaintiff also cites *Kane v. City of Chicago*, 392 Ill. 172, 175-76, 64 N.E.2d 506, 508-09 (1945), where the court found that a property owner could be compensated for damage to his building caused by bridge construction even though no taking had occurred. Plaintiff notes that he "does not claim a regulatory 'taking,' but merely seeks compensation for 'damage' to his property." (Pl.'s Resp. to Village Defs.' Motion, at 6.)

As discussed above, inverse condemnation is predicated on a taking of property. *Byron Dragway*, 326 Ill.App.3d at 73, 759 N.E.2d at 599. As Plaintiff does not claim a regulatory taking, he cannot maintain a claim for inverse condemnation *per se*. Nevertheless, the court is not constrained by Plaintiff's use of headings. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal"). As Plaintiff claims his property value has substantially depreciated as a result of the removal of Savage Road, the court finds Plaintiff has stated a claim for damage under Article I, § 15 of the Illinois Constitution.

In the alternative, Village Defendants contend that Village Trustees, Village President Baumunk, and Village Administrator Stevens (collectively, "Individual Village Defendants") are not proper parties on the basis that they cannot be held personally liable for damages for inverse

17

condemnation. (Village Defs.' Mem., at 12.) Plaintiff does not respond to this argument. The court found no cases stating that individual city officials may be liable to property owners for damages under Article I, § 15 of the Illinois Constitution. Absent any authority to the contrary, the court finds that Plaintiff cannot hold Individual Village Defendants liable for damage to his property under the Illinois Constitution, and dismisses Count II as to these Individual Village Defendants.[9]

## V.    Count III

In Count III, Plaintiff asserts that 65 ILCS 5/11-91-1 obligates the Village to reimburse him for "substantial[] depreciat[ion]" in the fair market value of his property, as well as for the deprivation of his access to and frontage on Savage Road. (Compl. ¶¶ 42-46.) Village Defendants argue that Plaintiff is not entitled to damages under 65 ILCS 5/11-91-1, as he has not alleged that his access to his property has been materially impaired. (Village Defs.' Mem., at 7-8.) As noted above, In Illinois, "a property owner has a valuable property right of access to streets adjoining his property which cannot be taken away or materially impaired without just compensation." *Dep't of Public Works v. Wilson & Co.,* 62 Ill.2d 131, 139, 340 N.E.2d 12, 16 (1976) (citations omitted). Whether there has been an actionable taking or material impairment of access which entitles the property owner to compensation is a question of law for the court to determine. *Id.* at 141, 340 N.E.2d at 17. In *Public Works*, the State sought to acquire a .55-acre tract of land, which was the owner's entire frontage and only access to a public road, through eminent domain. *Id.* at 134, 340 N.E.2d at 13. The court explained that a property owner's right of access is not materially impaired if he is provided adequate substitute access: "[i]t may well be that in some cases the substitute access by means of a frontage road or otherwise will so nearly equal the original direct access as to eliminate any question of damages to the remaining property. . . . that issue is for the trial court

---

[9]    As the court finds that Individual Village Defendants cannot be held liable for damage to Plaintiff's property under the Illinois Constitution, the court need not consider Village Defendants' arguments that zoning decisions are legislative acts to which absolute legislative immunity attaches. (Village Defs.' Mem., at 13.)

initially." *Id.* at 144, 340 N.E.2d at 19. Nevertheless, the court concluded that the frontage road at issue did not constitute adequate substitute access: "[t]he testimony . . . together with the physical facts relating to access before and after the taking lead to the inevitable conclusion that the partial taking which occurred here did result in a material impairment of existing direct access rights." *Id.* at 145, 340 N.E.2d at 19.

Village Defendants urge that, as in *Public Works*, the easement provides Plaintiff with substitute, direct access to his property. (Village Defs.' Mem., at 9.) Village Defendants note that the easement is for "ingress and egress of farm implement vehicles and supporting vehicles," which is consistent with the fact that his property is zoned for farming and farming activities. (Ex. A to Ex. 1 to Village Defs.' Motion.) Village Defendants also note that Plaintiff's property still adjoins Grass Lake Road. (*See* Ex. D to Zale Defs.' Reply Mem.)

Plaintiff urges that *Public Works* is distinguishable from the case before this court, as the highway in that case was converted to a secondary road. (Pl.'s Resp. to Village Defs.' Motion, at 9.) Plaintiff also points out that, in addition to loss of access to Savage Road, he also alleges he has been damaged by the loss of 650 feet of frontage and resulting decline in the value of his property. (Pl.'s Resp. to Village Defs.' Motion, at 9.) Under 65 ILCS 5/11-91-1, "[w]hen property is damaged by the vacation or closing of any street or alley, the damage shall be ascertained and paid as provided by law."

From the court's perspective, *Public Works* in fact cuts against dismissal of Count III. The *Public Works* court explained that the determination whether substitute access is nearly equal to the original direct access is a question of law for the court initially. As Village Defendants acknowledge, such an inquiry necessarily involves an evaluation of the facts of the case: "substitute access, *depending upon the facts of the case*, may be sufficient to obviate any compensable damages claim." (Village Defs.' Mem., at 8 (emphasis added).) Whether the easement to the relocated portion of Savage Road constitutes adequate substitute access logically requires facts

19

that Plaintiff has not pleaded (and was not required to plead), such as the nature of the easement and Plaintiff's use of Savage Road prior to removal. As Plaintiff claims the fair market value of his property has "substantially depreciated" as a result of Savage Road's relocation, (Compl. ¶ 44), the court finds Plaintiff has adequately pleaded a material impairment to survive Village Defendants' motion to dismiss. The court therefore declines to dismiss Count III.

## VI.    Count IV

In Count IV, Plaintiff alleges that Defendants "agreed, combined, and conspired" to annex the Nature's Ridge property and to relocate Savage Road in restraint of trade and commerce in the Lindenhurst area real estate market beginning in early 2000, resulting in increased prices for purchasers and consumers. (Compl. ¶¶ 50, 53.) Section 1 of the Sherman Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States . . . is . . . illegal." 15 U.S.C. § 1. To state a claim under § 1 of the Sherman Act, Plaintiff must allege "either that the contract, combination, or conspiracy resulted in a *per se* violation of the Sherman Act or that it unreasonably restrained competition in a relevant market." *MCM Partners, Inc. v. Andrews-Bartlett & Assocs., Inc.*, 62 F.3d 967, 976 (7th Cir. 1995) (citations omitted).

Zale Defendants urge that Plaintiff has not adequately alleged a violation of the Sherman Act. (Zale Defs.' Mem., at 8.) As explained here, the court overrules all but one of these objections. Zale Defendants urge, first, that Plaintiff must allege they possess monopoly power, (Zale Defs.' Mem., at 8), but the case they cite, *U.S. v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966), deals with claims under § 2 of the Sherman Act. The Supreme Court has explained that under § 1, the section Plaintiff here invokes "it is not necessary to prove that concerted activity threatens monopolization." *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768 (1984).

Second, Zale Defendants argue that Plaintiff's Sherman Act claim does not impact

20

interstate commerce. (Zale Defs.' Mem., at 9.) As noted, Plaintiff alleges that property in the Lindenhurst area real estate market "is sold in interstate commerce and developed as residential and commercial property. . . . in interstate commerce using materials purchased and transported in interstate commerce." (Compl. ¶¶ 48-49.) Plaintiff claims Defendants "agreed, combined, and conspired" to annex the Nature's Ridge property and to relocate Savage Road in restraint of trade and commerce in the Lindenhurst area real estate market beginning in early 2000. (*Id.* ¶ 50.) According to Plaintiff, the "agreement and conspiracy" among Defendants to relocate Savage Road onto LaSalle's property has eliminated competition for the sale and development of real estate in that area, resulting in increased real estate prices in the relevant market. (*Id.* ¶ 53.)

Zale Defendants urge that this case involves not the sale of property, but the re-alignment of roadway, an activity that is "a wholly local, intrastate activity." (Zale Defs.' Mem., at 9.) Even if this case involved the sale of real property, Zale Defendants claim, "it is inconceivable how a tract of real property could be sold in interstate commerce." (*Id.*) The Supreme Court has found the Sherman Act applicable to transactions relating to the interstate sale of real property, however. *See McLain v. Real Estate Bd. of New Orleans, Inc.,* 444 U.S. 232, 245 (1980) ("It is clear that an appreciable amount of commerce is involved in the financing of residential property . . . and in the insuring of titles to such property . . . [and] this appreciable commercial activity has occurred in interstate commerce. . . . On the other hand, it may be possible for petitioners to establish that, apart from the commerce in title insurance and real estate financing, an appreciable amount of interstate commerce is involved with the local residential real estate market arising out of the interstate movement of people, or otherwise"); *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 785 (1975) ("Given the substantial volume of commerce involved, and the inseparability of [title examinations] from the interstate aspects of real estate transactions, we conclude that interstate commerce has been sufficiently affected").

Our Court of Appeals has explained that a plaintiff must adequately plead that the

defendants' acts affected interstate commerce, *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778-79 (7th Cir. 1994); *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1565 (7th Cir. 1991), but to satisfy this requirement, "the pleading of a conclusion should be good enough . . .; there are astonishingly few offenses to antitrust principles that do not affect commerce." *Hammes*, 33 F.3d at 778-79 (citation and internal quotation marks omitted). It is therefore sufficient for Plaintiff to allege, "without further particulars, that the Defendants' conduct . . . restrained (impeded, impaired, diminished–there is no magic word) interstate commerce." *Id.* at 779. The court finds that Plaintiff adequately pleads that Defendants' actions affected interstate commerce.

Zale Defendants also insist that Plaintiff has not identified Zale Defendants' competitors, what market they are competing in, or how Zale Defendants' actions have adversely affected such competitors. (Zale Defs.' Mem., at 9-10.) Here, too, the Seventh Circuit has spoken, explaining that "an antitrust plaintiff need not include 'the particulars of his claim' to survive a motion to dismiss[; i]t is instead sufficient for the plaintiff to include in its complaint only 'a short and plain statement of the claim' showing an entitlement to relief." *Id.* (citations omitted). Plaintiff acknowledges that he does not identify Zale Defendants' competitors, but points out that his complaint identifies the relevant market as "the market for the sale and development of real estate in the Lindenhurst area," and the effect on competitors as "unreasonably restraining competition for the sale and development of real estate." (Compl. ¶¶ 50-51.) These claims are arguably sufficient to satisfy the minimal pleading requirements of Rule 8. *Cf. Fishman v. Estate of Wirtz*, 807 F.2d 520, 531- 32 (7th Cir. 1986) (defining relevant market as that to which access had been sought and foreclosed by anticompetitive conduct).

Finally, Zale Defendants contend that Plaintiff has failed to allege an injury to the public, as Plaintiff fails to allege "how other developers are unable to compete with the Defendants for the

purchase of Plaintiff's land." (Zale Defs.' Mem., at 10.)[10] This argument has greater traction. Our Court of Appeals has explained that "the absence of a sufficient allegation of anticompetitive effects in a Sherman Act complaint is fatal to the existence of the cause of action. It was a desire to eliminate the public injury of diminished competition which impelled Congress to enact the antitrust laws . . . ." *Havoco of Am., Ltd. v. Shell Oil Co.*, 626 F.2d 549, 554 (7th Cir. 1980). Plaintiff points out that he alleges the conspiracy among Defendants has eliminated competition, which "results or reasonably will result in increased prices for purchasers and consumers in the relevant market." (Compl. ¶ 53.) As noted, however, Plaintiff claims throughout his pleadings that his own property value *decreased* as a result of the road's relocation. (*See* Compl. ¶¶ 32, 37, 44, 67.) The remaining Counts of Plaintiff's pleadings, then, contradict his assertion in Count IV that prices in the Lindenhurst real estate market have increased. On the current allegations, Plaintiff will not be able to show that the realignment of 1,000 feet of Savage Road increased prices for real property in the Lindenhurst area market or otherwise diminished competition. Thus, the court dismisses Plaintiff's Sherman Act claims without prejudice.[11]

## VII. Count VI

Zale Defendants urge that Plaintiff cannot maintain his trespass claim, as he has not alleged that any of the Zale Defendants entered onto his land while re-aligning Savage Road. (Zale

---

[10]    Zale Defendants also contend that "[t]here are no other landowners that were affected by the vacation." (Zale Defs.' Mem., at 10.) This is a factual allegation, which the court cannot consider without converting Zale Defendants' motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 12(b). In any event, Plaintiff notes that he owns only 650 feet of the 1,000-foot portion of Savage Road that was removed; thus, one or more other landowners other than Plaintiff were obviously affected by removal of the remaining 350 feet of roadway. (Pl.'s Resp. to Zale Defs.' Motion', at 11.)

[11]    As the court finds that Plaintiff cannot state a claim against any Defendants under § 1 of the Sherman Act, the court need not consider Village Defendants' arguments that in annexing the Nature's Ridge property and approving the removal and relocation of Savage Road, they were engaged in "authorized implementation[s] of state policy" and are therefore entitled to immunity from suit. (Village Defs.' Mem., at 9.)

Defs.' Mem., at 11.) The Illinois Supreme Court has explained that "trespass is an invasion of the interest in the exclusive possession of land, as by entry upon it." *In re Chicago Flood Litig.*, 176 Ill.2d 179, 204, 680 N.E.2d 265, 277 (1997) (citing RESTATEMENT (SECOND) OF TORTS § 821D, comment d, at 101 (1979)). The typical activity at issue results in a "crass physical invasion." *Id.* at 205, 680 N.E.2d at 278.

As noted, Plaintiff alleges that Defendants' "improper removal of Savage Road interfered with [Plaintiff's] property right in and use of the access to Savage Road and constitutes an unlawful trespass" that "has resulted in a substantial diminution in the fair market value of [Plaintiff's] property." (Compl. ¶¶ 64-67.) Plaintiff points out that, as discussed above, in Illinois, "a property owner has a valuable property right of access to streets adjoining his property which cannot be taken away or materially impaired without just compensation." *Public Works*, 62 Ill.2d at 139, 340 N.E.2d at 16. Plaintiff does not allege, however, that any of Defendants physically invaded his property. Indeed, the Illinois Supreme Court has explained that "a loss or impairment of access [to an abutting street] does not involve an actual physical invasion of the property." *Granite City Moose Lodge No. 272 v. Kramer*, 96 Ill.2d 265, 271, 449 N.E.2d 852, 855 (1983). As noted, Plaintiff retains access to Savage Road through an easement, albeit one limited to farming vehicles. As Plaintiff does not allege a physical invasion of his property, the court finds that Count VI must be dismissed against all Defendants.[12]

## VIII. Count VII

Zale Defendants claim that Plaintiff has not stated a cause of action for private nuisance, as Plaintiff has not alleged an invasion of his property that is perceptible to the senses and interferes with his use or enjoyment of his land. (Zale Defs.' Mem., at 11-12.) In Illinois, "[a] private

---

[12]     As the court dismisses Count VI as against all Defendants, the court need not consider Village Defendants' contention that they are entitled to immunity under the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq.* (Village Defs.' Mem., at 11-12.)

nuisance is a substantial invasion of another's interest in the use and enjoyment of his or her land."

*Chicago Flood*, 176 Ill.2d at 204, 680 N.E.2d at 277. A nuisance is "something that is offensive, physically, to the senses [of] and by such offensiveness makes life uncomfortable" for the reasonable person. *Id.* at 204-05, 680 N.E.2d at 277-78 (citations and quotation marks omitted). "Typical examples would be smoke, fumes, dust, vibration, or noise produced by defendant on his own land and impairing the use and enjoyment of neighboring land." *Id.* at 205-06, 680 N.E.2d at 278 (citation and quotation marks omitted). In *Chicago Flood*, plaintiff insurance company claimed private nuisance resulting from property damage and economic losses incurred by several individuals and businesses it insured as a result of flooding of the underground freight tunnel system in the central business district of Chicago. *Id.* at 183, 187, 680 N.E.2d at 267, 269. The court noted that plaintiff did not allege "that those businesses whose property was not physically invaded by the flood waters suffered any other type of invasion of the use and enjoyment of their property," such as "noxious fumes or disagreeable odors, other types of seepage, disagreeable noises, or any other type of invasion." *Id.* at 206, 680 N.E.2d at 278. Absent "any perceptible element that would influence the physical senses to make the location of those businesses less desirable," the complaint failed to state a cause of action for private nuisance. *Id.*

Plaintiff contends that sound, odor, and particles are "merely examples, not necessary elements, of a claim for private nuisance." (Pl.'s Resp. to Zale Defs.' Motion, at 13.) Plaintiff overlooks the fact that plaintiff in *Chicago Flood* argued that "[t]he *sine qua non* of nuisance is not 'invasion' of plaintiff's premises, but rather the use of land by one party that interferes with the ability of another to enjoy and use his own property. Invasion may be coincidental to a successful claim for private nuisance, but it is not mandatory." 176 Ill.2d at 205, 680 N.E.2d at 277-78. The court rejected that argument, explaining that the substantial interference underlying a private nuisance claim "is generally and traditionally thought of as an *invasion*, albeit a nontrespassory one. In other words, the interference with the use and enjoyment of property must consist of an

invasion by something perceptible to the senses." *Id.* at 205, 680 N.E.2d at 278. In this case, as Plaintiff has not alleged any invasion of his property, he cannot state a claim for private nuisance.[13]

## IX.    Count V

Zale Defendants claim that Plaintiff has not alleged a tortious act underlying his civil conspiracy claim. (Zale Defs.' Mem., at 12.) In Illinois, "[t]he elements of a civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston*, 209 Ill.2d 302, 317, 807 N.E.2d 461, 470 (2004) (citation omitted). Plaintiff argues that he has alleged that Defendants committed three tortious or unlawful acts: trespass, private nuisance, and restraint of trade and commerce in furtherance of the conspiracy. (Pl.'s Resp. to Zale Defs.' Motion, at 13; Pl.'s Reply to Village Defs.' Mem., at 14.) As the court dismisses those underlying claims, the court dismisses Plaintiff's civil conspiracy claim as well.

## X.    Zale Equities, Inc., Zale Equities, LLC, Zale Group, Inc., and Leon Joffe

In the alternative, Zale Defendants contend that Zale Equities, Inc., Zale Equities, LLC, Zale Group, Inc., and Leon Joffe should be dismissed. While acknowledging that those Defendants "are loosely affiliated with Nature's Ridge-Lindenhurst, LLC, through common ownership and/or membership," Zale Defendants claim "these parties took no action with respect to the events that give rise to Plaintiff's Complaint," as they "took no part in the ownership, control, [June 2000] Annexation Agreement, or realignment of Savage Road." (Zale Defs.' Mem., at 6-7.) Zale Defendants cite no support for these contentions, however. In any event, in the court's view, Zale

_____

[13]    As with Plaintiff's trespass claim, as the court dismisses Count VII as against all Defendants, the court need not consider Village Defendants' contention that they are entitled to immunity under the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq.* (Village Defs.' Mem., at 11-12.)

Defendants' assertions are factual matters not before the court on a pleading motion.

Zale Defendants also urge that Plaintiff has not given notice to each of them individually regarding which act they each individually committed. (Zale Defs.' Reply Mem., at 11.) Zale Defendants cite *Shapo v. Engle*, No. 98 C 7909, 1999 WL 1045086, at *13 (N.D. Ill. Nov. 12, 1999), in which the court stated that "Where there are multiple defendants, the complaint must notify each defendant of the specific act purportedly committed by the defendant, which justifies that defendant's inclusion in the particular count." This court finds this case distinguishable, however, as *Shapo* involved allegations of fraudulent acts under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"); the *Shapo* court explained that such allegations are subject to the particularity requirement of Rule 9(b). *Id.* Zale Defendants have not suggested that any of Plaintiff's claims must meet Rule 9(b)'s heightened pleading requirement. Zale Defendants also cite *Ray v. Karris*, 780 F.2d 636, 645 (7th Cir. 1985), in which the court stated that "[a] complaint is not sufficient if it does not specify the nature of the predicate acts to a degree that will allow the defendants to comprehend the specific acts to which they are required to answer." This court also finds this case distinguishable, as the quoted citation referred to the standard for pleading predicate acts under the RICO statute.

As noted, Plaintiff alleges that "one or more" of these Defendants owned the beneficial interest in the annexed 80-acre tract of land, filed the petition for annexation, sought to re-zone the property, and removed the relevant portion of Savage Road. (Coml. ¶¶ 15-18, 25.) Plaintiff also claims the Zale Defendants were parties to the alleged "conspiracy and agreement" to relocate the roadway. (*Id.* ¶¶ 26-28, 50.) The court finds these allegations give all Zale Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 507. The court therefore declines to dismiss these individual Defendants on a 12(b)(6) motion, but recognizes that they may well be entitled to summary judgment if the facts show they took no action that violates plaintiff's rights.

27

## CONCLUSION

The court grants in part and denies in part Zale Defendants' motion to dismiss (Doc. No. 5-1) and Village Defendants' motion to dismiss (Doc. No. 8-1). Specifically, the court dismisses the following claims without prejudice to re-filing: (1) Plaintiff's claim for injunctive relief in Count I; (2) Count II as to Defendants Paul Baumunk, Ken Czyzewicz, Mark Federman, Mary McCarthy, Fred Messmer, Carl Norlin, Barbara Stout, Pat Dunham, Carol Zerba, and James Stevens; (3) Count IV; (4) Count V; (5) Count VI; and (6) Count VII. The court declines to dismiss the following claims: (1) Plaintiff's claim for declaratory relief in Count I; (2) Count II as to Defendant Village of Lindenhurst; and (3) Count III. Plaintiff will have leave within 21 days to file an amended complaint. As Plaintiff has not identified the members of the Defendant LLCs, or their citizenship, his allegations are insufficient to establish diversity jurisdiction. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, unless the amended complaint sets forth an adequate federal law claim, the court expects it will dismiss the case without prejudice for lack of subject matter jurisdiction.

ENTER:

Dated: July 23, 2004

REBECCA R. PALLMEYER
United States District Judge

28