**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| C. PELFRESNE, Trustee under Illinois Land Trust No. 25, dated May 29, 1998, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 03 C 6905 |
| VILLAGE OF LINDENHURST, an Illinois municipal corporation; ZALE EQUITIES, INC., an Illinois corporation; ZALE EQUITIES, LLC, an Illinois limited liability company; ZALE GROUP, INC., an Illinois corporation; NATURE'S RIDGE-LINDENHURST, LLC, an Illinois limited liability company; ZALE ENTERPRISES, INC., an Illinois corporation; KB HOME, a Delaware corporation; KB HOME ILLINOIS, INC., a Delaware corporation; LASALLE BANK NATIONAL ASSOCIATION, a national banking association, as trustee under Trust No. 11844; LEON JOFFE, an individual; GORDON WHITE, an individual; PAUL BAUMUNK, an individual; KEN CZYZEWICZ, an individual; MARK FEDERMAN, an individual; MARY McCARTHY, an individual; FRED MESSMER, an individual; CARL NORLIN, an individual; BARBARA STOUT, an individual; PAT DUNHAM, an individual; CAROL ZERBA, an individual; and JAMES B. STEVENS, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Rebecca R. Pallmeyer |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff C. Pelfresne is the alleged trustee of a private land trust that owns a parcel of land in unincorporated Lake County, Illinois. A dispute arose when the Village of Lindenhurst, Illinois approved a petition to remove and relocate a road that had been situated along the edge of this parcel of land. Plaintiff filed suit seeking declaratory and injunctive relief and compensation for the loss of his property value resulting from the removal of the road. After the court dismissed Plaintiff's

sole federal claim, the only remaining basis for subject matter jurisdiction in the case was diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Defendants argued that the requirements for diversity jurisdiction were not satisfied in the case and filed a motion for an award of sanctions under Rule 11 of the Federal Rules of Civil Procedure, for filing a lawsuit for which there is no subject matter jurisdiction. In response, Plaintiff argued, *inter alia*, that the court should deny the motion for sanctions because Defendants failed to comply with the procedural requirements of Rule 11(c)(1)(A). For the reasons set forth below, Defendants' motion for sanctions is denied.

## BACKGROUND

### A. The Parties

Plaintiff is a Michigan-based real estate developer who is the alleged trustee of a private land trust holding approximately 100 acres of land located on what was formerly the northeast corner of Savage Road and Grass Lake Road in unincorporated Lake County, Illinois. (Amended Complaint ¶¶ 1-2.) The lawsuit that underlies this motion for sanctions arose from the removal and relocation of a 1,000-foot portion of Savage Road situated along the edge of this property. (*Id.* ¶ 27.) As a result of the relocation, Plaintiff lost access to the road. He filed suit on September 30, 2003 seeking declaratory and injunctive relief and compensation for the loss of his property value. Plaintiff initially asserted claims of restraint of trade, trespass, private nuisance, and civil conspiracy against the following Defendants: real estate developers Nature's Ridge-Lindenhurst, LLC, Zale Equities, Inc., Zale Equities, LLC, Zale Group, Inc., and Leon Joffe (collectively, the "Zale Defendants"); LaSalle Bank National Association; and the Village, Village Trustees Ken Czyzewicz, Mark Federman, Mary McCarthy, Fred Messmer, Carl Norlin, Barbara Stout, Pat Dunham, and Carol Zerba, Village President Paul Baumunk, and Village Administrator James Stevens (collectively, the "Village Defendants"). On September 3, 2004, Plaintiff filed an Amended Complaint adding real estate development companies KB Home and KB Home Illinois, Inc. (collectively, the "KB Defendants"), Zale Enterprises, Inc., and Gordon White as Defendants.

Nearly all of the Defendants are citizens of Illinois. The Village is an Illinois municipal corporation located in Lake County, Illinois. (*Id.* ¶ 3.) Defendant Paul Baumunk is a citizen and resident of Illinois who served as President of the Village from approximately April 1999 through April 2003. (*Id.* ¶ 12.) Defendants Ken Czyzewicz, Mark Federman, Mary McCarthy, Fred Messmer, Carl Norlin, Barbara Stout, Pat Dunham, and Carol Zerba are current or former Trustees of the Village. (*Id.* ¶ 13.) All are residents and citizens of Illinois. (*Id.*) Defendant James B. Stevens is also a resident and citizen of Illinois and serves as the Village Administrator. (*Id.* ¶ 14.)

Defendant Zale Equities, LLC conducted real estate development and related activities as an Illinois limited liability company until it was involuntarily dissolved on October 31, 2002. (*Id.* ¶ 5.) Prior to its dissolution, Zale Equities LLC's principal place of business was in Lake County, Illinois, and its former members—Edward Zale, Roberta Zale, Amy Joffe, Melissa Norris, and Leon Joffe—are all citizens of Illinois. (*Id.*) Defendants Zale Equities, Inc. and Zale Group, Inc. were Illinois real estate development corporations with principal places of business in Lake County, Illinois. (*Id.* ¶¶ 4, 6.) Zale Equities was involuntarily dissolved on September 2, 2003, and Zale Group was involuntarily dissolved on November 1, 2000. (*Id.*) Defendant Zale Enterprises, Inc. is an Illinois corporation with is principal place of business in Lake County, Illinois; it conducts real estate development and related activities in, among other places, Lake County and Cook County, Illinois. (*Id.* ¶ 7.)

Defendant Nature's Ridge-Lindenhurst, LLC ("NRL") is in the business of "owning, developing, and marketing real estate" in Lindenhurst, Illinois. (*Id.* ¶ 8.) NRL is an Illinois limited liability company with its principal place of business in Lake County, and its members—Edward Zale, Roberta Zale, Amy Joffe, Melissa Norris, and Leon Joffe—are all citizens of Illinois. (*Id.*) Defendant LaSalle Bank National Association is a national banking association with its principal place of business in Chicago, Illinois. (*Id.* ¶ 9.) Defendant Leon Joffe, a resident and citizen of Illinois, is in the business of developing and marketing real estate in Lake and Cook counties

3

"[t]hrough Zale Equities, Zale LLC, Zale Group, Zale Enterprises, NRL, [LaSalle], and other entities." (*Id.* ¶ 10.)

Defendants KB Home and KB Home Illinois, Inc. are Delaware corporations with their principal places of business in Los Angeles, California. (*Id.* ¶¶ 15, 16.) The KB Defendants conduct real estate and related activities in, among other places, Lake County, Illinois. (*Id.*) On or about September 5, 2003, the KB Defendants acquired the assets of the Zale Defendants. (*Id.* ¶ 36.) Gordon White is in the business of developing and marketing real estate in Lake and Cook counties "[t]hrough Zale Equities, Zale LLC, Zale Group, Zale Enterprises, NRL, [LaSalle], KB Home, KB Illinois, and other entities." (*Id.* ¶ 11.) He is a citizen and resident of Illinois. (*Id.*)

### B. Procedural History

On September 30, 2003, Plaintiff filed a complaint alleging restraint of trade in violation of 15 U.S.C. § 1, civil conspiracy, trespass, private nuisance, and requested a declaratory judgment and injunctive relief. Plaintiff alleged that the court had jurisdiction over the matter pursuant to 15 U.S.C. § 26 and 15 U.S.C. § 1337 based on the Defendants' alleged violation of 15 U.S.C. § 1. (*Id.* ¶ 13.) As another independent basis for the court's jurisdiction, Plaintiff cited 28 U. S. C. § 1332(a) and stated "that plaintiff is a citizen of Michigan, all defendants are citizens of Illinois, and the amount in controversy exceeds $75,000 exclusive of interest or costs." (*Id.*) The Zale Defendants and the Village Defendants separately moved to dismiss the complaint. *Pelfresne v. Vill. of Lindenhurst*, No. 03 C 6905, 2004 WL 1660812, *5 (N.D. Ill. July 23, 2004). In an opinion dated July 23, 2004, this court dismissed, without prejudice, Plaintiff's request for injunctive relief (Count I) and his claims for a violation of 15 U.S.C. § 1 (Count IV), civil conspiracy (Count V), trespass (Count VI), and private nuisance (Count VII). *Id.* at *17. The court granted Plaintiff leave to file an amended complaint. *Id.*

On September 3, 2004, Plaintiff filed his Amended Complaint which included several counts: Count I sought a declaratory judgment that the relocation of the road violated state law; Count II

4

alleged a claim under Article I, Section 15 of the Illinois Constitution; Count III sought damages under 65 ILCS 5/11-91-1; Count IV alleged a violation of 15 U.S.C. § 1; Count V alleged unjust enrichment; Count VI alleged tortious interference with prospective economic advantage; Count VII alleged malicious injury and impairment of property rights; and Count VIII alleged a civil conspiracy. As in his original complaint, Plaintiff claimed two independent grounds for subject matter jurisdiction. (Amended Complaint ¶ 17.) First, Plaintiff claimed the court had jurisdiction over this matter pursuant to 15 U.S.C. § 26 and 15 U.S.C § 1337 based on the Defendants' alleged violation of 15 U.S.C. § 1. (*Id.*) Second, Plaintiff claimed that the court had diversity jurisdiction pursuant to 28 U. S. C. § 1332(a) because "Plaintiff is a citizen of Michigan, all defendants are citizens of Illinois, Delaware or California, and the amount in controversy exceeds $75,000 exclusive of interests and costs." (*Id.*)

On September 28, 2004, the Village of Lindenhurst filed a motion to dismiss Counts I, IV, and VIII. (Def. Mem. at 3.)[1] On October 19, 2004, the Zale and KB Defendants filed a motion to dismiss all counts directed at them. (*Id.*) In an opinion dated September 16, 2005, the court granted the Village Defendants' motion to dismiss Counts I, IV, and VIII, and granted the Zale and KB Defendants' motion to dismiss in part, dismissing Counts I, IV, V, and VII. *Pelfresne v. Vill. of Lindenhurst*, No. 03 C 6905, 2005 WL 2322228, *17 (N.D. Ill. Sept. 16, 2005). Among the dismissed counts was Count IV, Plaintiff's sole federal claim. *Id.* Because the court dismissed Plaintiff's sole federal claim, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) was the only remaining basis for subject matter jurisdiction. Plaintiff alleges that diversity jurisdiction is satisfied here because he is a citizen of Michigan and all Defendants are citizens of Illinois, Delaware or

---

[1] The Zale Defendant's and KB Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(1), 28 U.S.C.A § 1359, and FRCP 17(a), Motion for Sanctions Pursuant to Rule 11, and Motion to Stay All Discovery is cited herein as "Def. Mem." Plaintiff's Response to Motion of Zale and KB Defendants for Sanctions Under Rule 11 is cited herein as "Pl. Resp." The Zale and KB Defendant's Reply in Support of Zale Defendant's and KB Defendant's Motion for Sanctions Pursuant to Rule 11 is cited herein as "Def. Reply."

California, and the amount in controversy exceeds $75,000 exclusive of interest or costs. (Amended Complaint ¶ 17.) Defendants challenge Plaintiff's status as the legal titleholder of the subject property and argue that Plaintiff cannot prove, as diversity jurisdiction requires, that the citizenship of the legal owner is diverse from the citizenship of all Defendants. (Def. Mem. at 1-2.)

On March 28, 2006, Dean J. Lurie, attorney for the Zale and KB Defendants, sent a letter to William B. Berndt, then the attorney for Plaintiff, which informed Berndt that Defendants believed that Plaintiff did not have the authority to act for the land trust and therefore was not a "real party in interest" entitled to sue on behalf of the trust. (Ex. Q to Def. Mem.) The letter then threatened to move for sanctions unless Charles Pelfresne was replaced by J. Harrison as the plaintiff in the suit. (*Id.*) Specifically, the letter stated:

> Therefore, based on the foregoing, you have seven (7) days from the date of this letter to file a motion to substitute J. Harrison as Plaintiff, and substitute Charles Pelfresne out. If you refuse to do so, Defendants will have no choice but to file a motion to dismiss pursuant to Rule 17(a) and move for sanctions for Plaintiff's willful failure to list J. Harrison as an individual with knowledge of the facts plead in the Amended Complaint in Plaintiff's answers to interrogatories.

(*Id.*)

On May 2, 2006, the Zale and KB Defendants moved to dismiss Plaintiff's amended complaint for a lack of subject matter jurisdiction. (Def. Mem. at 1.) Their motion also asked the court to stay discovery and award sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure for having filed a lawsuit for which there is no subject matter jurisdiction. (*Id.*) On August 2, 2006, Plaintiff voluntarily dismissed the case. (Pl. Resp. at 2.) After Plaintiff dismissed the case, the court retained jurisdiction to consider the Zale and KB Defendants' motion for sanctions. (*Id.*) The Zale and KB Defendants' motion for sanction was withdrawn as against Plaintiff's former attorneys and entered and continued against Plaintiff himself. (*Id.*)

**DISCUSSION**

The sole issue before the court is whether the court should impose sanctions under Rule 11 against Plaintiff C. Pelfresne and in favor of the Zale and KB Defendants. (Def. Mem. at 11.) Plaintiff argues that the court should deny the request because these Defendants have not complied with the procedural requirements of Rule 11(c)(1)(A). (Pl. Resp. at 3-4.)

Rule 11(c)(1)(A) sets forth two procedural requirements that are "conditions precedent to the imposition of sanctions under the rule. If those conditions are not satisfied, the Rule 11 motion for sanctions may not be filed with the district court. If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions." *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) (en banc). The first requirement is that a motion for sanctions must "be made separately from other motions or requests." FED. R. CIV. P. 11(c)(1)(A). Second, a motion for Rule 11 sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." *Id.* Plaintiff contends that the Zale and KB Defendants did not satisfy either of these procedural requirements.

    **A.**    **The Separate Motion Requirement**

A motion for sanctions under Rule 11 must be made separately from other motions or requests. FED. R. CIV. P. 11(c)(1)(A); *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998) (stating that a request for Rule 11 sanctions must "be made in a separate motion rather than as an appendage to another motion or responsive memorandum"); *see Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025 (7th Cir. 1999) ("Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion."). The inclusion of a request for Rule 11 sanctions as part of a memorandum in support of a motion to dismiss does not meet this requirement. *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 151 (7th Cir. 1996); *Baaske v.*

*City of Rolling Meadows*, 191 F. Supp. 2d 1009, 1018 (N.D. Ill. 2002). In *Johnson*, the moving party included a request for Rule 11 sanctions as part of its memorandum in support of a motion to dismiss. 74 F.3d at 151. The court held that such a filing "obviously does not meet the notice requirement imposed by Rule 11(c)(1)(A)." *Id.* In *Baaske*, the defendant inserted a request for Rule 11 sanctions at the end of its motion to dismiss, and the court denied the request for failure to comply with the procedural requirements of Rule 11. 191 F. Supp. 2d at 1018. Similarly, here, Defendants filed a single memorandum in which Defendants moved to dismiss, moved to stay all discovery, and moved for sanctions pursuant to Rule 11.

Defendants contend that although their motion for sanctions was filed together with a motion to dismiss on May 2, 2006, their motion to dismiss was rendered moot when Plaintiff was given leave to dismiss the case voluntarily on August 2, 2006. (Def. Reply at 5.) As a result, Defendants argue, only their motion for sanctions survived after August 2, 2006 and it was therefore presented as a "separate motion." (*Id.*) The court is not persuaded by this construction. Rule 11 requires that a motion for sanctions "*be made* separately from other motions." FED. R. CIV. P. 11(c)(1)(A) (emphasis added). The most straightforward interpretation is that a motion for sanctions is "made" when it is filed.[2] *Cf. Alston v. Deutsch Horse*, No. 01 C 9400, 2004 WL 783100, *1 (N.D. Ill. Jan. 23, 2004) (motion brought under Rule 60(b) of Federal Rules of Civil Procedure is "made" when filed). Thus, if, as here, a defendant files a motion for sanctions together with other motions, that motion does not comport with Rule 11(c)(1)(A). That Defendants' motion to dismiss was rendered moot on August 2, 2006 does not change the fact that, on May 3, 2006, their motion for sanctions was filed together with their motion to dismiss and a motion to stay discovery. Defendants cite no authority for their theory that a motion for sanctions filed together with another motion can be

---

[2] Even if the court took an alternative view, that a motion for sanctions is "made" when served, this would not alter the analysis. Defendants served Plaintiff a single motion on May 3, 2006 containing its motion to dismiss, motion to stay discovery, and motion for sanctions. (*See* 5/3/2006 Defendants' Notice of Motion.)

brought into compliance with Rule 11(c)(1)(A) as the result of events that occur after filing and, in view of Rule 11 (c)(1)(A)'s well-established requirement, the court is unwilling to adopt it. The court therefore concludes that Defendants have not complied with the mandatory procedural requirements of Rule 11(c)(1)(A).

Defendants also argue that Plaintiff has waived any objections to the form of its motion for sanctions because, at the court hearing on August 2, 2006, Plaintiff's counsel agreed to brief the motion for sanctions and did not then object to Defendants' motion based on Rule 11's procedural requirements. (Def. Reply at 5.) While it is true that the issue of whether a party has complied with Rule 11's procedural requirements is subject to forfeiture if not raised in the district court by the party opposing the motion for sanctions, *Brickwood Contractors*, 369 F.3d at 395-96, that is not what occurred here. Plaintiff did raise its objections to Defendants' motion for sanctions in the district court; while Plaintiff did not do this at the August 2, 2006 hearing, he did so in his response brief to the court filed on September 6, 2006. Indeed, by setting a briefing schedule on Defendants' motion for sanctions, the court allowed for the possibility that Plaintiff would make arguments in opposition to Defendants' motion for sanctions that were not discussed in open court. Significantly, as the court observed in *Brickwood Contractors*, even when a party opposing a motion for sanctions altogether fails to raise a Rule 11(c)(1)(A) compliance issue, a court may still consider the argument. *Id.* at 398-99 (district court erred by imposing sanctions where the party moving for sanctions failed to comply with Rule 11(c)(1)(A) even though the party opposing the motion for sanctions did not raise the issue in the district court). The court therefore concludes that it is not precluded by party waiver or forfeiture from denying Defendants' motion for sanctions for failure to comply with the procedural requirements of Rule 11(c)(1)(A).

## B.     The Safe Harbor Provision

Even if Defendants' motion met the "separate motion" requirement, the court would deny it for failure to meet the "safe harbor" requirement of Rule 11(c)(1)(A). That provision prohibits the filing of a motion for Rule 11 sanctions "unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." FED. R. CIV. P. 11(c)(1)(A). Thus, the Rule permits a party to avoid Rule 11 sanctions by withdrawing the allegedly offending submission within twenty-one days of being served with the motion for sanctions. *Divane*, 200 F.3d at 1025-26.

The plain language of Rule 11(c)(1)(A) appears to require service of the actual motion for Rule 11 sanctions on the opposing party to start the twenty-one day clock. FED. R. CIV. P. 11(c)(1)(A); *see Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("It would therefore wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion.") This interpretation is supported by the Advisory Committee Notes supporting the 1993 amendments to Rule 11, which provide that while informal notice of a potential violation is expected in most cases before formal service of a motion for sanctions, "the 'safe harbor' period begins to run only upon service of the motion." *See* FED. R. CIV. P. 11 advisory committee's notes. The Seventh Circuit has been flexible about the requirement of formal service of the motion. Thus, in *Nisenbaum v. Milwaukee County*, 333 F.3d 804 (7th Cir. 2003), the court found that the moving parties "complied substantially" with the safe harbor provision when they sent the opposing party's lawyer a letter rather than the motion itself. *Id.* at 808. The letter alerted the opposing party to the problem and gave him more than twenty-one days to withdraw the challenged pleading. *Id.* Because the letter in *Nisenbaum* "complied substantially" with the safe harbor provision of Rule 11(c)(1)(A), the court proceeded to the merits of the motion for Rule 11 sanctions. *Id.*

Here, Defendants do not allege that they served their motion for sanctions on Plaintiff twenty-one days before they filed the motion with the court on May 2, 2006. Instead, Defendants argue that the letter sent on March 18, 2006 from Dean J. Lurie, attorney for the Zale and KB Defendants, to William B. Berndt, then the attorney for Plaintiff, was sufficient to give notice to Plaintiff that unless he substituted the real party in interest for Plaintiff, Defendants would seek sanctions. (Def. Reply at 4; Ex. Q to Def. Mem.) In relevant part, the letter stated:

> Therefore, based on the foregoing, you have seven (7) days from the date of this letter to file a motion to substitute J. Harrison as Plaintiff, and substitute Charles Pelfresne out. If you refuse to do so, Defendants will have no choice but to file a motion to dismiss pursuant to Rule 17(a) and move for sanctions for Plaintiff's willful failure to list J. Harrison as an individual with knowledge of the facts plead in the Amended Complaint in Plaintiff's answers to interrogatories.

(Ex. Q to Def. Mem.) As this passage illustrates, the only conduct that Defendants cited as sanctionable in their March 28, 2006 letter was a discovery violation: "Plaintiff's willful failure to list J. Harrison as an individual with knowledge of the facts plead in the Amended Complaint in Plaintiff's answers to interrogatories." (*Id.*) This alleged misconduct, however serious, is not the same misconduct giving rise to the motion for sanctions that is before the court—specifically, Defendants' assertion that Plaintiff violated Rule 11(b)'s requirement that the allegations in a pleading must have evidentiary support by filing the lawsuit without being able to prove a basis for diversity jurisdiction. (Def. Mem. at 11.) Because the letter did not provide any notice of Defendants' intention to seek Rule 11 sanctions on this basis, the court declines to find that the March 28, 2006 letter "complied substantially" with the safe harbor provision of Rule 11(c)(1)(A). Thus, Defendants' motion for sanctions also fails to comply with the mandatory "safe harbor" requirements set forth in Rule 11(c)(1)(A).

**CONCLUSION**

For the reasons set forth herein, Defendants' Motion for Sanctions (77-2) Pursuant to Rule 11 is denied.

ENTER:

Dated: June 26, 2007

_____
REBECCA R. PALLMEYER
United States District Judge